# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| HEATHER POTTS, <br> an Individual, | ) <br> ) <br> ) | Civil Action <br><br> Case No.  1:16-cv-9046 |
| *Plaintiff,* | ) <br> ) | <br> Jury Trial Demanded |
| v. | ) <br> ) | <br> Hon. |
| BLITT AND GAINES, P.C., <br> an Illinois Corporation, | ) <br> ) <br> ) | Assigned District Judge <br><br> Hon. |
| *Defendant.* | ) | Assigned Magistrate Judge |

## COMPLAINT FOR RELIEF

NOW COMES the Plaintiff, HEATHER POTTS ("Ms. Potts"), by and through her attorneys, ZAMPARO LAW GROUP, P.C., and complaining of the Defendant BLITT AND GAINES, P.C. ("Blitt & Gaines"), an Illinois Corporation, alleges as follows:

### NATURE OF THE ACTION

1.      Ms. Potts brings this action as an individual consumer to secure redress for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

### JURISDICTION AND VENUE

2.      This action arises under, and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692k(d) and 28 U.S.C. §§ 1331, 1337.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant does business in this District and Defendant's collection communications affected Ms. Potts within this District.

**PARTIES**

4.      Plaintiff Ms. Potts is a natural person who resides in the District. She is a "consumer" for the purposes of the FDCPA.

5.      At all times relevant to the action, Blitt & Gaines was an Illinois Corporation with its principal office located at 661 Glenn Avenue; Wheeling, Illinois 60090.  Its registered agent in Illinois is Jan Gaines whose address is also 661 Glenn Avenue; Wheeling, Illinois 60090.

6.      Blitt & Gaines is a "debt collector" as defined by §1692a(6) of the FDCPA because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the mails, the telephone, and litigation to collect, or attempt to collect, delinquent consumer accounts on the behalf of others.

**FACTS**

7.      On or about May 28, 2011, Ms. Potts entered in to a retail installment contract for the purchase of a motor vehicle (the "Contract").

8.      Pursuant to the Contract, the vehicle secured repayment of a sum of money lent to Ms. Potts by Ford Motor Credit Company, LLC ("FMC").

9.      Ms. Potts used the vehicle for personal, family, and household purposes, transporting her young family and commuting to and from work.

10.      After a series of personal and financial reversals, Ms. Potts fell behind on the payments called for by the Contract. FMC exercised its rights under the Contract and directed its agents to repossess the vehicle on or about November of 2015.

11.      Ms. Potts was unable to redeem the vehicle and it was sold at auction for less than the total amount left owing under the Contract. As a result, a deficiency remained against Ms. Potts (the "Debt").

12.     FMC retained or hired Blitt & Gaines to attempt to collect the Debt from Ms. Potts.

13.     On or about April 20, 2016, FMC, through its agents and attorneys Blitt & Gaines, initiated a lawsuit against Ms. Potts in the Third Municipal District of the Circuit Court of Cook County, Illinois in case number 2016-M3-2608, *Ford Motor Credit Company, LLC v. Heather Potts* (the "Collection Case").

14.     On or about April 30, 2016, Ms. Potts became aware of the Collection Case.

15.     On May 23, 2016, Ms. Potts went to the Third Municipal District Courthouse in Rolling Meadows, Illinois and filed her appearance in the Collection Case. Her contemporaneous petition for a waiver of her appearance fee was also granted on that date.

16.     After Ms. Potts filed her appearance and pursuant to the rules of the Circuit Court of Cook County, the Collection Case was set for a status hearing on June 16, 2016.

*Blitt & Gaines Call Ms. Potts at Work*

17.     On June 3, 2016, an agent or employee of Blitt & Gaines called Ms. Potts' workplace and, upon information and belief, asked the answering receptionist to speak with Ms. Potts.

18.     After Ms. Potts did not answer the telephone, the agent or employee of Blitt & Gaines left a voice mail message for her on her work voice mail.

19.     In the voice mail, the caller identified himself as a debt collector, stated that he was calling on behalf of Blitt & Gaines, and left a number at which he requested that Ms. Potts call him back.

20.     Upon information and belief, the agent or employee of Blitt & Gaines called Ms. Potts with respect to the Debt.

21.     Ms. Potts listened to the message and was immediately embarrassed and upset that a debt collector had called her at work because

A.     She is not permitted to accept personal calls during work hours pursuant to a policy of her employer and

B.     She was anxious that her co-workers would become aware of her personal affairs, including the Debt.

22.     After listening to the voice mail left for her by the agent or employee of Blitt & Gaines, Ms. Potts called the number left in the voice mail message from her personal cellular phone.

23.     An agent or employee of Blitt & Gaines who identified himself as "Marcus" answered Ms. Potts' call and she told him that she was not permitted to accept personal calls during work hours pursuant to a policy of her employer and that he should call her on her cellular telephone exclusively.

*Ms. Potts Appears in Court Regarding the Debt*

24.     On or about June 16, 2016, Ms. Potts went back to the Third Municipal District Courthouse in Rolling Meadows, Illinois for the scheduled status hearing in the Collection Case.

25.     At the hearing, Ms. Potts spoke with a lawyer from Blitt & Gaines and discussed possible settlement scenarios for the Debt.

26.     On June 16, 2016, the Collection Case was set for status on August 25, 2016.

*Blitt & Gaines Continues to Call Ms. Potts at Work*

27.     On or about June 23, 2016, an agent or employee of Blitt & Gaines, upon information and belief the same Marcus, once again called Ms. Potts at work and left another voice mail message for her on her work voice mail.

4

28.     The agent of Blitt & Gaines also called Ms. Potts' cellular phone and left an identical voice mail message for her on her cellular telephone voice mail.

29.     In the voice mail, the agent or employee of Blitt & Gaines stated the following, "You have an important message from Blitt and Gaines, P.C. This is a call from a debt collector. Please call 847-403-4900. Extension is 4965."

30.     Upon information and belief, extension 4965 is associated with Marcus, the same agent or employee of Blitt & Gaines who had called Ms. Potts and spoken with her on previous occasions.

31.     Ms. Potts was especially frustrated that Blitt & Gaines had called her at work again because

A.     She had expressly told its agent or employee-the same agent with whom she was then speaking-that she was not allowed to receive such calls at work;

B.     She had provided her personal cellular phone number to the agent or employee of Blitt & Gaines in her response to its previous call; and

C.     She had gone to court to discuss settlement of the Debt with one of Blitt & Gaines' attorneys.

32.     Once again, and in greater measure than on June 3, Ms. Potts was embarrassed and upset at the call from Blitt & Gaines' agent or employee because

A.     She had to notify the assistant manager of her department that she was still being contacted by a debt collector because it is very rare that she receives any phone calls from outside numbers; and

B.     She we concerned that other members of her work team, with whom she sits in a large, open office environment, might see that a debt collector was calling her.

33.     On or about July 7, 2016, an agent or employee of Blitt & Gaines once again called Ms. Potts at work and left another voice mail message for her on her work voice mail.

34.     The agent of Blitt & Gaines also called Ms. Potts' cellular phone at approximately 2:48 pm and left an identical voice mail message for her on her cellular telephone voice mail.

35.     In the voice mail, the agent or employee of Blitt & Gaines stated the following, "You have an important message from Blitt and Gaines, P.C. This is a call from a debt collector. Please call 847-403-4900. Extension is 4965."

36.     Ms. Potts was now acutely upset and frustrated that Blitt & Gaines had called her at work for a third time because

>   A.     She had expressly told its agent or employee that she was not allowed to receive such calls at work;
>
>   B.     She had provided her personal cellular phone number to the agent or employee of Blitt & Gaines in her response to its previous call; and
>
>   C.     She had gone to court to discuss settlement of the Debt with one of Blitt & Gaines' attorneys.

37.     Once again, and in greater measure than on June 23, Ms. Potts was embarrassed and upset at the call from Blitt & Gaines' agent or employee because she once again had to mention the call from a debt collector to the assistant manager of her department.

### FIRST CLAIM FOR RELIEF
***Violations of the Fair Debt Collection Practices Act – 15 U.S.C. § 1692 et seq.***

38.     Plaintiff repeats and realleges the above paragraphs as though fully set forth herein.

39.     Blitt & Gaines violated § 1692c(a)(3) of the FDCPA, when it called Ms. Potts at her workplace on or about June 23, 2016 and July 7, 2016 after she had informed its agent or

employee that she was not allowed to take personal calls at her workplace pursuant to a policy of her employer.

40.     As a direct and proximate result of Blitt & Gaines' violation of the FDCPA, Ms. Potts suffered the harm alleged above.

WHEREFORE, Ms. Potts prays this Honorable Court enter judgment in her favor and against Defendant Blitt and Gaines, P.C. as follows:

A.     Awarding her actual damages in an amount to be determined at trial pursuant to § 1692k(a)(1);

B.     Awarding her additional damages pursuant to § 1692k(a)(2);

C.     Awarding her reasonable attorney's fees and her costs of suit pursuant to 1692k(a)(3).

## JURY DEMAND

Ms. Potts requests trial by jury of all issues so triable.

DATED:          September 19, 2016          Respectfully submitted,

ZAMPARO LAW GROUP, P.C.

By:     /s/Roger Zamparo, Jr.
Roger Zamparo, Jr.
2300 Barrington Road, Suite 140
Hoffman Estates, IL 60169
(224) 875-3202 (t)
(312) 276-4950 (f)
roger@zamparolaw.com